FILED
IN COUNTY CLERK'S OFFICE

MAR 1 6 2020

PIERCE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

STEPHEN M. MCKINNEY,

Plaintiff,

vs.

WOODBROOK TNC LLC, and NATIONAL
CREDIT SYSTEMS, INC.,

Defendants.

No.  20 2 05530 7

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND
DAMAGES

## I. INTRODUCTION

1.1     This is an action for declaratory and injunctive relief under the under the Uniform

Declaratory Judgment Act, RCW § 7.24 *et seq.* ("UDJA") and CR 57, temporary and permanent

injunctive relief under RCW § 7.40, CR 65, and RCW § 19.86.090, and damages for Defendants'

violations of the Washington Residential Landlord-Tenant Act, RCW § 59.18 *et seq.* ("RLTA"),

Washington Collection Agency Act, RCW § 19.16 *et seq.* ("CAA"), Washington Consumer

Protection Act, RCW § 19.86 *et seq.* ("CPA"), Fair Debt Collection Practices Act, 15 USC §

1692 *et seq.* ("FDCPA"), Fair Credit Reporting Act, 15 USC § 1681 *et seq.* ("FCRA"), and for

breach of contract.

1.2     Defendant WOODBROOK TNC LLC ("WOODBROOK") rented an apartment

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES
PAGE 1 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226

EXHIBIT 1
Page 6 of 149

1  to Plaintiff STEPHEN M. MCKINNEY, unlawfully terminated Plaintiff's tenancy, failed to

2  return the security deposit to Plaintiff, and charged Plaintiff with unlawful fees and damages

3  without proper supporting documentation upon his vacating the apartment (hereinafter referred

4  to as the "subject debt(s)").   Defendant WOODBROOK has referred the subject debts to

5  Defendant NATIONAL CREDIT SYSTEMS, INC. ("NCS"), a debt collector.   Defendants

6  WOODBROOK and/or NCS have reported this debt to credit reporting agencies and/or tenant

7  screening companies, which include but may not be limited to Experian Information Solutions,

8  Inc. ("Experian").   As a result of Defendants' actions, Plaintiff has been unable to obtain stable

9  housing.

10       1.3     Plaintiff is seeking to enjoin Defendants from continuing to engage in a pattern or

11  practice of reporting and/or threatening to report charges, fees, and/or penalties that are not

12  legally due, to credit reporting agencies and/or tenant screening companies.   Low-income

13  tenants, like Plaintiff, are particularly susceptible to injury as a result of this pattern or practice

14  because a prospective tenant with an unpaid rent claim on his/her credit report and/or tenant

15  screening report will have difficulty finding a landlord willing to rent to him/her.   Defendants'

16  pattern or practice has had and continues to have a devastating effect on the local community,

17  contributing to the number of low-income individuals, like Plaintiff, who are homeless, at risk of

18  becoming homeless, living in transitional housing, and/or otherwise unstably housed.

19       1.4     Plaintiff, in bringing claims under the CPA, contends that the actions alleged

20  herein either fall outside the scope of the Washington Supreme Court's decision in *State v.*

21  *Schwab*, 103 Wn.2d 542, 693 P.2d 108 (1985), and/or that *Schwab* was incorrectly decided.

22                                **II. PARTIES**

23       2.1     Plaintiff is STEPHEN M. MCKINNEY.   Plaintiff has been a resident of

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 2 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 7 of 149

1   Washington at all times relevant herein.

2      2.2    Defendant WOODBROOK is an active Washington limited liability company

3   with its principal place of business located at 1120 E. Terrace, Suite 300, Seattle, Washington

4   98122.

5      2.3    Defendant NCS is an active Georgia corporation with its principal place of

6   business located at 2800 156th Ave. SE, Suite 105, Bellevue, Washington 98007.

7                 **III. JURISDICTION AND VENUE**

8      3.1    This Court has personal jurisdiction over Defendants pursuant to RCW § 4.28.185

9   and RCW § 19.86.160. Defendants are registered to do business and have transacted substantial

10   business in Washington State, and the acts alleged herein have been committed in this state. The

11   Court also has jurisdiction over this action under the CPA, which authorizes civil actions in the

12   superior courts of this state. RCW § 19.86.090.

13      3.2    Venue is proper in Pierce County because the causes of action set forth herein

14   arose in Pierce County, and Defendants transact business in Pierce County. RCW § 4.12.020(3);

15   RCW § 4.12.025(1).

16      3.3    The Court has original subject matter jurisdiction over this controversy pursuant

17   to RCW §§ 2.08.010, 7.24.010, and § 7.40.010.

18                       **IV. FACTS**

19      4.1    Plaintiff is a disabled veteran who served honorably in the U.S. Marine Corps.

20      4.2    Plaintiff's income is approximately $1,100 per month in Social Security

21   Disability Insurance and approximately $110 per month in Veterans Benefits.

22      4.3    At all times relevant herein, Plaintiff was a participant in the Section 8 Tenant-

23   Based Assistance Housing Choice Voucher Program.

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 3 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226

EXHIBIT 1
Page 8 of 149

1    4.3    On or about April 18, 2017, Plaintiff and Defendant WOODBROOK entered into

2 a Rental Agreement for the premises located at 14417 69th Avenue Ct. SW, #A-1, Lakewood,

3 Washington 98439, commencing on April 19, 2017 and ending on March 31, 2018 (hereinafter

4 referred to as the "First Rental Agreement"). Under the First Rental Agreement, the monthly

5 rent was $685, and the security deposit due was $672. A copy of the First Rental Agreement is

6 attached hereto as Exhibit 1.

7    4.4    Paragraph 3 of the First Rental Agreement purports to set forth conditions upon

8 which the security deposit may be forfeited and a lease termination fee may be imposed on

9 Plaintiff, providing in relevant part:

10          "B.    If resident does not give 20 days notice prior to the last day
                   of month as required herein, the security deposit shall be
11                 forfeited or Resident shall be obligated for the next month's
                   rent in accordance Washington State Law (RCW9.18).
12           C.    If the Resident vacates the premises prior to the expiration
                   of the lease, the security deposit shall be forfeited and
13                 Resident shall be obligated for one of the following: (1) the
                   rental payments for the remainder of the term of the lease;
14                 (2) the rental payments until the premises have been re-
                   rented; or (3) payment of a lease termination fee in the
15                 amount of **$1,370.00** whichever is less, as provided for by
                   Washington State Law 9RCW 59.18)."

16
     4.5    Defendant WOODBROOK entered into a Housing Assistance Payment ("HAP")
17
Contract with Pierce County Housing Authority ("PCHA") for the benefit of Plaintiff effective
18
April 19, 2017. Part C of the HAP Contract between Defendant WOODBROOK and PCHA is
19
the Section 8 Tenancy Addendum, which is incorporated into every Section 8 lease between
20
landlords and Section 8 Housing Choice Voucher tenants. A copy of the HAP Contract is
21
attached hereto as Exhibit 2.
22
     4.6    Paragraph 5 of Part A of the HAP Contract provides that the initial lease term
23

24

**COMPLAINT FOR DECLARATORY AND**
**INJUNCTIVE RELIEF AND DAMAGES**
PAGE 4 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 9 of 149

1   began on April 19, 2017 and ended on March 31, 2018. The contract rent was $685 per month,

2   of which Plaintiff and PCHA each paid a portion. The term of the HAP Contract and the term of

3   the First Rental Agreement, both ended on the same day – March 31, 2018. Under the terms of

4   HAP Contract and Section 8 Tenancy Addendum, Plaintiff and PCHA's respective portions of

5   the contract rent of $685 per month could change during the term of the HAP Contract.

6       4.7    On or about April 4, 2018, PCHA provided notification to Plaintiff and Defendant

7   WOODBROOK that it approved revisions to the First Rental Agreement increasing the contract

8   rent to $815 per month, and adjusting Plaintiff and PCHA's respective portions of the contract

9   rent. A copy of the Amendment to Lease is attached hereto as Exhibit 3.

10      4.8    On or about May 10, 2018, Plaintiff and Defendant WOODBROOK signed a

11  second Rental Agreement for the premises, retroactively commencing on April 1, 2018 and

12  ending on March 31, 2019 (hereinafter referred to as the "Second Rental Agreement"). Under

13  the terms of the Second Rental Agreement, the monthly rent was increased to $815, and it

14  purports to increase the security deposit to $703.85. A copy of the Second Rental Agreement is

15  attached hereto as Exhibit 4. (Hereinafter, when the First Rental Agreement and Second Rental

16  Agreement are referenced collectively, they will be referred to as the "Rental Agreements").

17      4.9    Paragraph 3 of the Second Rental Agreement is nearly identical to paragraph 3 of

18  the First Rental Agreement, except it purports to increase the lease termination fee to $1,630.

19      4.10   Upon information and belief, Defendant WOODBROOK did not provide PCHA

20  with a copy of the Second Rental Agreement, as required by HUD regulations and the Section 8

21  Tenancy Addendum.

22      4.11   Upon information and belief, PCHA was not asked to approve and did not

23  approve the Second Rental Agreement, or any modifications to the terms of the tenancy except

24

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
PAGE 5 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226

EXHIBIT 1
Page 10 of 149

1   for an increase in rent from $685 to $815 per month.

2       4.12    Upon information and belief, PCHA also did not approve of Defendant

3   WOODBROOK adding on an additional 12-month period during which Plaintiff must continue

4   to reside at the premises in order to avoid forfeiture of the security deposit and payment of a

5   lease termination fee.

6       4.13    On May 29, 2018, Plaintiff received a 3-Day Notice to Quit for Waste, Nuisance

7   or Unlawful Use of Premises ("3-Day Notice"), providing the following reasons:

8           "Constant illegal occupants, heavy traffic in and out of the
    apartment all hours of the day and night. Arguments in the parking
9           lot with local drug dealers (per LPD)"

10  The notice further provides that "[p]ursuant to RCW § 59.12.030(5), if you fail to surrender

11  possession of the premises within three (3) days, judicial proceedings will be instituted for your

12  eviction." A copy of the 3-Day Notice is attached hereto as Exhibit 5.

13      4.14    The allegations set forth in the 3-Day Notice are vague and conclusory, and do

14  not constitute a nuisance under RCW § 59.12.030(5).

15      4.15    There is not a single reported case by the Court of Appeals or Supreme Court of

16  Washington in which a nuisance cause of action under RCW § 59.12.030(5) has been applied to

17  a residential tenancy.

18      4.16    Plaintiff did not believe that Defendant WOODBROOK had good cause to evict

19  him, but concerned about the impact an eviction lawsuit would have on his credit and ability to

20  find housing in the future, he decided to move out.

21      4.17    Plaintiff moved out and relinquished possession of the premises no later than June

22  3, 2018. Upon moving out, Plaintiff went to Defendant WOODBROOK's office, and delivered

23  his key to a female employee and/or agent of Defendant WOODBROOK. The employee and/or

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES
PAGE 6 OF 30**

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226

EXHIBIT 1
Page 11 of 149

1  agent of Defendant WOODBROOK did not do a walk-through of the apartment with Plaintiff, or

2  provide Plaintiff with a written checklist describing the condition and cleanliness of, or existing

3  damages, to the subject apartment.

4      4.18   In July of 2019, Plaintiff was working with a social worker with the HUD-VASH

5  Program[1] to find housing when it was discovered that Experian is reporting a debt owed to

6  Defendant NCS in the amount of $5,640.  The original creditor is identified as "The Crossings

7  Apts".

8      4.19   Due to this debt being reported by Experian, Plaintiff cannot obtain stable

9  housing.  Plaintiff is currently housed at the Washington Soldiers Home, a transitional housing

10  program operated by the Washington State Department of Veterans Affair, in Orting,

11  Washington.

12      4.20   In letters to Experian and Defendant NCS dated July 29, 2019, Plaintiff's attorney

13  disputed the aforementioned debt, and demanded verification thereof.  Copies of the letters are

14  attached hereto as Exhibit 6.

15      4.21   In response, Plaintiff's attorney received a letter from Defendant NCS dated

16  August 6, 2019, and enclosures, which in total consist of ten pages, copies of which are attached

17  hereto as Exhibit 7.  The ten pages consist of two letters, a move out statement, the rental

18  agreement, and a page with handwritten notations.

19      4.22   The two letters from NCS, both of which are dated August 6, 2019, identify "The

20  Crossings Apts" as their client, and states the balance due as $5,640.08.

21      4.23   The first letter provides in relevant part:

22

23

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 7 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 12 of 149

"Enclosed you will find copies of documentation on file with National Credit Systems, Inc. pertaining to the above referenced account.

"Please have your client remit payment on the account to National Credit Systems, Inc. at the above address."

4.24    The second letter provides in relevant part:

"This letter will serve as confirmation that National Credit Systems, Inc., acting for THE CROSSINGS APTS / NEIDERS, is authorized to accept $2,820.04 as full and final settlement of the above referenced account.

"THIS IS A DATED OFFER. Certified funds must be received in our office by 08/19/2019 to take advantage of this settlement. Once said funds have been deposited, providing they are not returned from your bank, you will be released from all claims and liabilities pertaining to this account."

4.25    The next document is entitled "Move Out Statement." The beginning balance on 06/01/2018 was $0.00. There are then two (2) entries for 06/01/2018 and thirteen (13) entries for 06/05/2018 –

| Date | Description | Charge | Payment | Balance | Chg/Rec |
|------|-------------|--------|---------|---------|---------|
|  | Balance as of 6/01/2018 |  |  | 0.00 |  |
| 06/01/2018 | Utilities (06/2018) | 100.00 | 0.00 | 100.00 | 426683 |
| 06/01/2018 | Monthly Rent (06/2018) | 815.00 | 0.00 | 915.00 | 426712 |
| 06/05/2018 | :Security Deposit Credit | -672.00 | 0.00 | 243.00 | 434431 |
| 06/05/2018 | Monthly Rent (06/2018) Credit 25 days | -679.00 | 0.00 | (463.17) | 434432 |
| 06/05/2018 | Utilities (06/2018) Credit 25 days | -83.33 | 0.00 | (519.50) | 434433 |
| 06/05/2018 | Cleaning Fee | 150.00 | 0.00 | (369.50) | 434434 |

---

[1] HUD-VASH is the U.S. Department of Housing and Urban Development – VA Supportive Housing Program, which provides rental assistance vouchers for privately owned housing to Veterans who are eligible for VA healthcare services and are experiencing homelessness.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
PAGE 8 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 13 of 149

| 06/05/2018 | Painting + primer | 968.22 | 0.00 | 598.72 | 434435 |
|---|---|---|---|---|---|
| 06/05/2018 | flooring replacement | 1,988.57 | 0.00 | 2,587.29 | 434436 |
| 06/05/2018 | vertical blinds | 156.48 | 0.00 | 2,743.77 | 434437 |
| 06/05/2018 | trash out ½ truck load | 425.00 | 0.00 | 3,168.77 | 434438 |
| 06/05/2018 | Drip pans | 55.13 | 0.00 | 3,223.90 | 434439 |
| 06/05/2018 | Hood filter | 30.68 | 0.00 | 3,254.58 | 434440 |
| 06/05/2018 | Monthly Rent – june | 672.17 | 0.00 | 3,926.75 | 439157 |
| 06/05/2018 | Utilities – june | 83.33 | 0.00 | 4,010.08 | 439158 |
| 06/0502018 | Lease Termination Fee | 1,630.00 | 0.00 | 5,640.08 | 439159 |

4.26    The Move Out Statement contains several unspecified charges such as "cleaning fee", "painting + primer", "flooring replacement", "vertical blinds", "trash out ½ truck load", "drip pans", and "hood filter", that are not corroborated by any supportive documentation, such as a move-in/move-out inspection form, invoices, and/or receipts.

4.27    The Move Out Statement makes no allowance for wear and tear, and includes no depreciation or proration factor.

4.28    The Move Out Statement shows that Plaintiff was charged two times for June rent – $815.00 on June 1, 2018, and $672.17 on June 5, 2018.

4.29    The Move Out Statement shows that Plaintiff was charged twice for June utilities – $100.00 on June 1, 2018, and $83.33 on June 5, 2018 – without providing an itemization of each utility for which Plaintiff is being charged, and/or any documentation in support of said charges.

4.30    The Move Out Statement shows that Plaintiff was charged a lease termination fee in the amount of $1,630.00 on June 5, 2018.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
PAGE 9 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226
EXHIBIT 1
Page 14 of 149

4.31    In response to Plaintiff's attorney's letter of July 29, 2019, Experian sent Plaintiff's attorney a letter requesting identification information from Plaintiff.  A copy of Experian's fax is attached hereto as Exhibit 8.

4.32    In response to Experian's fax, Plaintiff's attorney sent a fax to Experian with the requested identification, disputing the accuracy of the information contained in Plaintiff's file, and requesting a re-investigation in accordance with the FCRA, 15 USC § 1681i.  A copy of the fax is attached hereto as Exhibit 9.

4.33    On November 14, 2019, Plaintiff's attorney sent nearly identical letters to Experian and Defendant NCS with documentation and legal analysis explaining why Plaintiff does not owe the alleged debt, and that it should be deleted and permanently blocked from his file.  Copies of these letters are attached hereto as Exhibits 10 and 11.

4.34    Experian responded by sending the results of its re-investigation to Plaintiff, denying his request to delete the alleged debt from his file, and instead claiming that the information has been "updated".

4.35    Upon information and belief, Defendant NCS knows or should know that Defendant WOODBROOK charges former tenants charges, fees, and/or penalties that are not legally due, and collects and attempts to collects such charges, fees, and/or penalties.

4.36    Upon information and belief, Defendants WOODBROOK and NCS have a pattern or practice of reporting and/or threatening to report charges, fees, and/or penalties that are not legally due to credit reporting agencies and/or tenant screening companies for the purpose of pressuring former tenants to pay amounts that are not legally owed.

4.37    Defendants know or should know that low-income tenants, such Plaintiff, are particularly susceptible to their pattern or practice of reporting and/or threatening to report

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
PAGE 10 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 15 of 149

1  charges, fees, and/or penalties that are not legally due to credit reporting agencies and/or tenant

2  screening companies, because a prospective tenant with an unpaid rent claim on his/her credit

3  report and/or tenant screening report will have difficulty finding a landlord willing to rent to

4  him/her.

5    4.38    Defendants' pattern or practice has had and continues to have a devastating effect

6  on the local community, contributing to the number of low-income individuals, like Plaintiff,

7  who are homeless, at risk of becoming homeless, living in transitional housing, and/or otherwise

8  unstably housed.

9    **V. FIRST CAUSE OF ACTION**
**Declaratory Judgment, RCW § 7.24 *et seq.***
10    **(All Defendants)**

11    5.1    Plaintiff re-alleges and incorporates by reference the allegations set forth in each

12  of the proceeding paragraphs of this Complaint.

13    5.2    The First Rental Agreement (Exhibit 1) and Second Rental Agreement (Exhibit 4)

14  are written contracts within the meaning of RCW § 7.24.020 and § 7.24.030.

15    5.3    Defendants have in the past, and continue to use and unlawfully enforce contract

16  provisions, i.e., the lease termination fee in paragraph 3 of the Rental Agreements, and the

17  security deposit forfeiture provision in paragraph 7 of the Rental Agreement, that are "contrary

18  to public policy", namely the RLTA, CAA, CPA, and FDCPA, and are therefore unenforceable.

19  *State v. Northwest Magensite Co.*, 28 Wn.2d 1, 27, 182 P.2d 643 (1947).  As a result, Defendants

20  do not possess the right to enforce the lease termination fee in paragraph 3 and the security

21  forfeiture provision in paragraph 7 of the Rental Agreements.

22    5.4    Additionally, Defendants have in the past charged, and continue to engage in a

23  pattern or practice of charging, tenants for damages without proper supporting documentation,

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 11 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT  1
Page 16 of 149

1    i.e., written checklist or statement specifically describing the condition and cleanliness of or

2    existing damages to the premises required under RCW § 59.18.260, invoices, statements,

3    receipts, photographs, or other documents evidencing the alleged damages.   This pattern or

4    practice is "contrary to public policy", namely the RLTA, CAA, CPA, and FDCPA, and is

5    therefore unenforceable.

6         5.5    This Court has the power and authority to "restrain all parties involved in order to

7    secure the benefits and preserve and protect the rights of all parties to the court proceedings"

8    pursuant to RCW § 7.24.190.

9         5.6    As a result, Plaintiff is entitled to an order under the UDJA declaring that Plaintiff

10   does not owe the subject debt(s), that the subject debt(s) be deleted and permanently removed

11   from Plaintiff's file, that the lease provisions and practices detailed in subsections d. through g.

12   below are void and unenforceable, and that each of the Defendants be enjoined from –

13        a.     Any further attempt to collect the subject debt(s) from Plaintiff;

14        b.     Selling, transferring, or assigning the subject debt(s);

15        c.     Reporting the subject debt(s) to credit reporting agencies and/or tenant screening

16   companies, which include but may not be limited to Experian;

17        d.     The use or enforcement of paragraph 3 of the Rental Agreements, and/or any

18   other provisions to the extent such provisions attempt to impose liquidated damages, early

19   termination fees, or penalties against Plaintiff or any other tenants that do not bear any

20   reasonable relation to actual damages, and which violate the duty to mitigate damages under

21   RCW § 59.18.310;

22        e.     The use or enforcement of paragraph 3 of the Rental Agreements and/or any other

23   provisions to the extent such provisions force Plaintiff or any other tenants to waive or forego

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 12 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 17 of 149

1   any rights or remedies under the RLTA or confess judgment, in violation of RCW § 59.18.230;

2       f.      The use or enforcement of paragraph 7 of the Rental Agreements, and/or any

3   other provisions to the extent that such provisions force Plaintiff or any other tenants to waive or

4   forego their right to a refund of the security deposit under RCW §§ 59.18.280, 59.18.260, and §

5   59.18.230; and

6       g.      The practice of charging former tenants for damages without proper supporting

7   documentation, i.e., written checklist or statement specifically describing the condition and

8   cleanliness of or existing damages to the premises required under RCW § 59.18.260, invoices,

9   statements, receipts, photographs, or other documents evidencing the alleged damages.

## VI. SECOND CAUSE OF ACTION
### Violation of the Residential Landlord-Tenant Act, RCW § 59.18.140 and § 59.18.230
### (Defendant WOODBROOK)

6.1     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the proceeding paragraphs of this Complaint.

6.2     The $1,370 early termination fee set forth in paragraph 3 of the First Rental Agreement was not a reasonable forecast of just compensation for the harm caused by a potential breach, i.e., if Plaintiff moved out before the expiration of the lease term.

6.3     Similarly, the $1,630 early termination fee set forth in paragraph 3 of the Second Rental Agreement was not a reasonable forecast of just compensation for the harm caused by a potential breach, i.e. if Plaintiff moved out before the expiration of the one year term.

6.4     The early termination fee bears no reasonable relation to actual damages caused by a breach.

6.5     The reasonableness of damages forecast is judged at the time the contract was

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES
PAGE 13 OF 30**

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226
EXHIBIT 1
Page 18 of 149

1  entered into, which, for the First Rental Agreement, was April 18, 2017, and for the Second

2  Rental Agreement, was April 1, 2018.

3      6.6    Defendant WOODBROOK includes the early termination fee in its rental

4  agreements not as the measure of compensation but as a penalty.

5      6.7    The early termination fee provisions are inequitable in that they were not fairly

6  and knowingly entered into by experienced, equal parties with a view to just compensation for

7  the anticipated loss.  The preprinted form rental agreement is a contract of adhesion prepared and

8  offered by Defendant WOODBROOK to prospective tenants on a take it or leave it basis.  There

9  is a gross disparity of sophistication and bargaining power between Defendant WOODBROOK

10  and Plaintiff.  Paragraph 3 of the Rental Agreements violates the principles of unconscionability

11  and is fundamentally unfair.

12     6.8    Additionally, since Plaintiff had resided in the apartments for longer than the

13  initial lease term set forth in the First Rental Agreement, the ostensible purpose that landlords

14  usually use to justify early termination fees, i.e. the alleged cost of apartment turnover and

15  reconditioning, no longer applied.  Accordingly, there was no justifiable basis for Defendant

16  WOODBROOK to include the lease termination fee in paragraph 3 of the Second Rental

17  Agreement, and enforce it against Plaintiff.

18     6.9    The lease termination fee in paragraph 3 of the Rental Agreements violates RCW

19  § 59.18.140 and is therefore unenforceable because it is not a "reasonable obligation", violates

20  other terms of the RLTA, and is "otherwise contrary to law", i.e., the common law principles of

21  unconscionability.

22     6.10   The early termination fee in paragraph 3 of the Rental Agreements violates RCW

23  § 59.18.230 and is against public policy and unenforceable because it amount to an agreement to

24

**COMPLAINT FOR DECLARATORY AND**
**INJUNCTIVE RELIEF AND DAMAGES**
PAGE 14 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 19 of 149

1   waive or forego rights or remedies under the RLTA, and is tantamount to a confession of

2   judgment upon termination of the tenancy.

3       6.11    As a result, Defendant WOODBROOK has violated the RLTA, and is liable to

4   Plaintiff for all damages directly and proximately sustained by Plaintiff as a result of such

5   violations, including –

6       a.      Actual damages pursuant to RCW § 59.18.230(3);

7       b.      Statutory damages pursuant to RCW § 59.18.230(3);

8       c.      Costs of action, together with reasonable attorney's fees, pursuant to RCW §

9   59.18.230(3); and

10      d.      Such further relief as the court deems appropriate.

11                          **VII. THIRD CAUSE OF ACTION**
                **Violation of RCW § 59.18.280 and Breach of the Lease/Rental Agreement**
12                              **(Defendant WOODBROOK)**

13      7.1     Plaintiff re-alleges and incorporates by reference each and every allegation set

14  forth in the preceding paragraphs.

15      7.2     Defendant WOODBROOK is in breach of the Rental Agreement, as well as in

16  violation of RCW 59.18.280, by not within twenty-one (21) days after termination of the

17  tenancy, and after Plaintiff vacating the Premises, refunding any portion of the $672.00 paid to

18  Defendant WOODBROOK as a security deposit.

19      7.3     The Move Out Statement provided to Plaintiff's attorney by Defendant NCS was

20  neither the required written notice mailed or personally delivered to Plaintiff, nor did it contain a

21  full and specific statement of the basis for retaining any of the monies paid to Defendant

22  WOODBROOK for a security deposit, and it could not have been written in good faith, because:

23      a.      On its face it is neither "full", "specific", nor complete.

24

**COMPLAINT FOR DECLARATORY AND**              Northwest Justice Project
**INJUNCTIVE RELIEF AND DAMAGES**              715 Tacoma Avenue South
**PAGE 15 OF 30**                              Tacoma, Washington 98402
                                               Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 20 of 149

1    b.    It makes no mention of the parties' move-in and move-out checklists.

2    c.    It makes no allowance for reasonable wear and rear, and includes no depreciation

3    or proration factor.

4    d.    It contains several unspecified charges such as "cleaning fee", "painting +

5    primer", "flooring replacement", "vertical blinds", "trash out ½ truck load", "drip pans", and

6    "hood filter", but fails to include documentation supporting such charges.

7    7.4    Accordingly, Defendant WOODBROOK violated RCW § 59.18.280 and

8    breached the Rental Agreements by not, within twenty-one (21) days, giving Plaintiff a full and

9    specific statement, let alone one prepared in good faith as the basis for retention of any portion of

10    the monies Plaintiff paid as a security deposit.

11    7.5    As a result, Defendant WOODBROOK has violated the RLTA, and is liable to

12    Plaintiff for all damages directly and proximately sustained by Plaintiff as a result of such

13    violations, including –

14    a.    Actual damages pursuant to RCW § 59.18.280(b)(2);

15    b.    Statutory damages of two times the amount of the security deposits, pursuant to

16    RCW § 59.18.280(b)(2);

17    c.    Costs of action, together with reasonable attorney's fees, pursuant to RCW §

18    59.18.280(b)(2); and

19    d.    Such further relief as the court deems appropriate.

20    **VIII. FOURTH CAUSE OF ACTION**
**Violation of RCW § 59.18.260 and Breach of the Lease/Rental Agreement**
21    **(Defendant WOODBROOK)**

22    8.1    Plaintiff re-alleges and incorporates by reference each and every allegation set

23    forth in the preceding paragraphs.

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTION RELIEF AND DAMAGES
PAGE 16 OF 30**

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226

EXHIBIT 1
Page 21 of 149

8.2    Upon information and belief, Defendant WOODBROOK failed to provide Plaintiff with a written checklist signed by both parties that specifically describes the condition and cleanliness of, or existing damages to, the premises and furnishings at the commencement of the tenancy in violation of RCW § 59.18.260.

8.3    As a result, Defendant WOODBROOK has violated the RLTA, and is liable to Plaintiff for all damages directly and proximately sustained by Plaintiff as a result of such violations, including –

a.    Actual damages pursuant to RCW § 59.18.260;

b.    Costs of action, together with reasonable attorney's fees pursuant to RCW § 59.18.260; and

c.    Such further relief as the court deems appropriate.

### IX. FIFTH CAUSE OF ACTION
#### Breach of the Lease/Rental Agreement
#### (Defendant WOODBROOK)

9.1    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2    The Move Out Statement lists a lease termination fee in the amount of $1,630.00, charged to Plaintiff on June 5, 2018 (see Exhibit 7).

9.3    Defendant WOODBROOK charged Plaintiff a lease termination fee of $1,630.00 in violation of paragraph 3 of the Rental Agreements. Under the terms of paragraph 3, Plaintiff is only obligated to pay the lease termination fee if he "vacate(d) the premises prior to the expiration of the lease". The service of a 3-Day Notice under RCW § 59.12.030(5) purported to terminate Plaintiff's tenancy, and therefore, holding over would have made Plaintiff liable for unlawful detainer. In other words, when Defendant WOODBROOK terminated the lease,

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
PAGE 17 OF 30

**Northwest Justice Project**
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226

EXHIBIT 1
Page 22 of 149

1   Plaintiff was required to leave, or incur damages, court costs, and attorneys fees.  Accordingly,

2   Plaintiff did not "vacate the premises prior to the expiration of the lease", as a necessary

3   condition precedent for Defendant WOODBROOK to charge him a lease termination fee under

4   paragraph 3.

5       9.4    Additionally, paragraph 3 of the Rental Agreements provides that that Plaintiff is

6   liable for the *lesser* of "(1) the rental payments for the remainder of the term of the lease; (2) the

7   rental payments until premises have been re-rented; or (3) payment of the lease termination fee

8   in the amount of $1,630.00".    Defendant WOODBROOK, however, charged the lease

9   termination fee of $1,630.00 to Plaintiff on June 5, 2018, immediately after he vacated the

10  premises and before Defendant WOODBROOK made any effort to mitigate its damages.

11      9.5    As a result, Defendant WOODBROOK has breached the First Rental Agreement

12  and/or Second Rental Agreement, and is liable to Plaintiff for all damages directly and

13  proximately sustained by Plaintiff as a result of such violations, including –

14      a.    Actual damages;

15      b.    Costs of action, together with reasonable attorney's fees; and

16      c.    Such further relief as the court deems appropriate.

### X. SIXTH CAUSE OF ACTION
**Violation of Washington's Collection Agency Act, RCW § 19.16 *et seq.***
***Per Se* Violation of the Washington Consumer Protection Act, RCW § 19.86 *et seq.***
**(Defendant NCS)**

10.1    Plaintiff re-alleges and incorporates by reference each and every allegation set
forth in the preceding paragraphs.

10.2    Pursuant to RCW § 19.16.440, a collection agency that violates the Prohibited
Practices section of the CAA, RCW § 19.16.250, has committed unfair and deceptive trade

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 18 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT  1
Page 23 of 149

1  practices for purposes of application of the CPA.

2      10.3    The subject debt(s) in this case is a "claim" within the meaning of RCW §

3  19.16.100(2) because it is an "obligation for the payment of money or a thing of value arising out

4  of any agreement or contract, express or implied."

5      10.4    Defendant NCS is a "Collection agency" within the meaning of RCW §

6  19.16.100(4).

7      10.5    Plaintiff is a "debtor" within the meaning of RCW § 19.16.100(7) because it is

8  alleged that Plaintiff owes a "claim."

9      10.6    RCW § 19.16.250(8)(b) requires a collection agency to provide the debtor with

10  the name of the original creditor to whom the debtor alleged owed the claim.

11      10.7    RCW § 19.16.250(15) prohibits a collection agency from communicating with a

12  debtor and representing or implying that the existing obligation of the debtor has been increased

13  by the addition of any fees or charges that cannot be legally added to the obligation.

14      10.8    RCW § 19.16.250(16) prohibits a collection agency from threatening to take any

15  action against a debtor which the licensee cannot legally take at the time the threat is made.

16      10.9    RCW § 19.16.250(21) prohibits a collection agency from collecting or seeking to

17  collect interest and fees not legally due.

18      10.10   Defendant NCS violated RCW § 19.16.250(8)(b) by failing to provide Plaintiff

19  with the name of the original creditor, Defendant WOODBROOK.  Instead, Defendant NCS's

20  letter incorrectly identifies "The Crossings Apts" as the original creditor.

21      10.11   Defendant NCS violated RCW § 19.16.250(15), (16), and (21) when it

22  communicated to Plaintiff and/or Plaintiff's attorney that he owed an amount not legally due, and

23  by reporting the subject debt to credit reporting agencies and/or tenant screening companies,

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 19 OF 30

**Northwest Justice Project**
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226
EXHIBIT 1
Page 24 of 149

1  which include but may not be limited to Experian.

2      10.12  Pursuant to RCW § 19.16.450, because Defendant NCS engaged in prohibited

3  practices in violation of RCW § 19.16.250, neither Defendant NCS nor any other party is entitled

4  to recover any interest, service charges, attorney fees, collection costs, or any other fees or

5  charges that might otherwise be owed, other than the amount of the original obligation.

6      10.13  Defendant NCS has injured Plaintiff, causing him emotional distress, and other

7  economic and non-economic damages.

8      10.14  Defendant NCS's unfair and deceptive acts have occurred, and continue to occur

9  repeatedly in its trade or business and are capable of deceiving a substantial portion of the public.

10      10.15  Defendant NCS's unfair and deceptive acts and practices affect the public interest.

11      10.16  Defendant NCS's actions are a direct and proximate cause of Plaintiff's injuries.

12      10.17  Defendant  NCS's  actions  were  intentional,  willful,  wanton,  unfair,

13  unconscionable, and outrageous.

14      10.18  Defendant  NCS's  actions  illustrate  the  need  for  an  injunction  to  protect

15  Washington consumers from similar harm.

16      10.19  As a result, Defendant NCS has violated the CAA and thereby committed *per se*

17  violations of the CPA, and are liable to Plaintiff for all damages directly and proximately

18  sustained by Plaintiff as a result of such violations, including –

19      a.    Actual damages pursuant to RCW § 19.86.090;

20      b.    Treble damages in an amount equal to three times the amount of actual damages

21  sustained, as authorized under RCW § 19.86.090;

22      c.    A civil penalty in the amount of $2,000 for each *per se* violation of the CPA

23  pursuant to RCW § 19.86.140;

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 20 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 25 of 149

1        d.     An order enjoining Defendant NCS from engaging in further violations of the

2    CAA and CPA pursuant to RCW § 19.86.090;

3        e.     An order declaring that neither the Defendant NCS, any customer of Defendant

4    NCS, nor any other person shall ever be allowed to recover any interest, service charge, attorney

5    fees, collection costs, delinquency charge, or any other fees or charges otherwise legally

6    chargeable to Plaintiff;

7        f.     Costs of action, together with reasonable attorney's fees pursuant to RCW §

8    19.86.090; and

9        g.     Such further relief as the court deems appropriate.

10   ## XI. SEVENTH CAUSE OF ACTION
     **Violation of the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq.***
11   **(Defendant NCS)**

12       11.1    Plaintiff re-alleges and incorporates by reference the allegations set forth in each

13   of the proceeding paragraphs of this Complaint.

14       11.2    The FDCPA is a strict liability statute.

15       11.3    Plaintiff is a "consumer" within the meaning of 15 USC § 1692a(3) because he is

16   allegedly obligated to pay a debt.

17       11.4    The money allegedly owed by Plaintiff is a "debt" within the meaning of 15 USC

18   § 1692a(5) because it was an alleged obligation to pay money arising out of a transaction that

19   was primarily for personal, family, or household purposes.

20       11.5    Defendant NCS is a "debt collector" within the meaning of 15 USC § 1692a(6)

21   because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or

22   asserted to be owed or due another.

23       11.6    Defendant NCS violated 15 USC § 1692e(2)(a) by misrepresenting the amount,

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 21 OF 30

**Northwest Justice Project**
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226

EXHIBIT 1
Page 26 of 149

1 | character, and status of a debt.

2 |     11.7   Defendant NCS violated 15 USC § 1692e(8) by communicating credit

3 | information which it knew or should have known was false.

4 |     11.8   Defendant NCS violated 15 USC § 1692f(1) by attempting to collect a debt which

5 | Plaintiff did not owe.

6 |     11.9   Defendant NCS's violation of the FDCPA injured Plaintiff, causing him

7 | emotional distress, and other economic and non-economic damages.

8 |     11.10  As a result, Defendant NCS has violated the FDCPA, and is liable to Plaintiff for

9 | all damages directly and proximately sustained by Plaintiff as a result of such violations,

10 | including –

11 |     a.     Actual damages pursuant to 15 USC § 1692k(a)(1);

12 |     b.     Statutory damages pursuant to 15 USC § 1692k(a)(2)(A);

13 |     c.     Costs of action, together with reasonable attorney's fees, pursuant to 15 USC §

14 | 1692k(a)(3); and

15 |     d.     Such further relief as the court deems appropriate.

### XII. EIGHTH CAUSE OF ACTION
**Violation of the Fair Credit Reporting Act, 15 USC § 1681 *et seq.***
**(Defendant NCS)**

18 |     12.1   Plaintiff re-alleges and incorporates by reference the allegations set forth in each

19 | of the proceeding paragraphs of this Complaint.

20 |     12.2   Plaintiff is a "consumer" within the meaning of 15 USC § 1681a(c).

21 |     12.3   Defendant NCS is a "person" within the meaning of 15 USC § 1681a(b).

22 |     12.4   Defendant NCS violated the FCRA, 15 USC § 1681n, when it willfully failed to

23 | conduct a reasonable re-investigation of the disputed claim, consider the information provided by

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES
PAGE 22 OF 30**

**Northwest Justice Project**
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 27 of 149

1   Plaintiff and/or his attorney relating to the disputed claim, and delete incomplete, misleading, or

2   inaccurate information in Plaintiff's file, in violation 15 USC § 1681i(a).

3       12.5   In the alternative, Defendant NCS violated the FCRA, 15 USC § 1681o, when it

4   negligently failed to conduct a reasonable re-investigation of the disputed claim, consider the

5   information provided by Plaintiff and/or his attorney relating to the disputed claim, and delete

6   incomplete, misleading, or inaccurate information in Plaintiff's file, in violation of 15 USC §

7   1681i(a).

8       12.6   As a result, Defendant NCS has violated the FCRA, and is liable to Plaintiff for

9   all damages directly and proximately sustained by Plaintiff as a result of such violations,

10   including –

11      a.    Actual damages pursuant to 15 USC § 1681n(a)(1) and/or § 1681o(a)(1);

12      b.    Statutory damages pursuant to 15 USC § 1681n(a)(1);

13      c.    Punitive damages pursuant to 15 USC § 1681n(a)(2);

14      d.    Costs of action, together with reasonable attorney's fees, pursuant to 15 USC §

15   1681n(a)(3) and/or § 1681o(a)(2); and

16      e.    Such further relief as the court deems appropriate.

17                   **XIII. NINTH CAUSE OF ACTION**
**Violation of the Washington Consumer Protection Act, RCW § 19.86 *et seq*.**

18                             **(All Defendants)**

19       13.1   Plaintiff re-alleges and incorporates by reference the allegations set forth in each

20   of the proceeding paragraphs of this Complaint.

21       13.2   RCW § 19.86.020 provides in relevant part:

22              "Unfair methods of competition and unfair or deceptive acts or
practices in the conduct of any trade or commerce are hereby

23              declared unlawful."

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 23 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 28 of 149

13.3    The CPA applies to the actions at issue herein because Plaintiff is a "consumer", each Defendant is a "business" and/or a "person", this case involves conduct which occurred in the course of trade/commerce, Plaintiff was damaged in her property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

13.4    Defendants WOODBROOK and NCS acted unfairly and/or deceptively by –

a.    Communicating to Plaintiff and/or Plaintiff's attorney that he owed an amount not legally due;

b.    Reporting the subject debt(s) to credit reporting agencies and/or tenant screening companies, which include but may not be limited to Experian;

c.    Using and/or enforcing paragraph 3 of the Rental Agreements, and/or any other provisions to the extent such provisions attempt to impose liquidated damages, early termination fees, or penalties against Plaintiff or any other tenants that do not bear any reasonable relation to actual damages, and which violate the duty to mitigate damages under RCW § 59.18.310;

d.    Using and/or enforcing paragraph 3 of the Rental Agreements and/or any other provisions to the extent such provisions force Plaintiff or any other tenants to waive or forego any rights or remedies under the RLTA or confess judgment, in violation of  RCW § 59.18.230;

e.    Using and/or enforcing paragraph 7 of the Rental Agreements, and/or any other provisions to the extent that such provisions force Plaintiff or any other tenants to waive or forego their right to a refund of the security deposit under RCW §§ 59.18.280, 59.18.260, and § 59.18.230; and

f.    Engaging in the practice of charging former tenants for damages without proper

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
PAGE 24 OF 30

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226
EXHIBIT  1
Page 29 of 149

1  supporting documentation, i.e., written checklist or statement specifically describing the

2  condition and cleanliness of or existing damages to the premises required under RCW §

3  59.18.260, invoices, statements, receipts, photographs, or other documents evidencing the

4  alleged damages.

5      13.5   Defendant NCS acted unfairly and/or deceptively by failing to conduct a

6  reasonable re-investigation of the disputed claim, consider the information provided by Plaintiff

7  and/or his attorney relating to the disputed claim, and delete incomplete, misleading, or

8  inaccurate information in Plaintiff's file.

9      13.6   Upon information and belief, Defendant NCS knows or should know that

10  Defendant WOODBROOK charges former tenants charges, fees, and/or penalties that are not

11  legally due, and collects and attempts to collects such charges, fees, and/or penalties.

12      13.7   Upon information and belief, Defendants WOODBROOK and NCS have an

13  unfair and/or deceptive pattern or practice of reporting and/or threatening to report charges, fees,

14  and/or penalties that are not legally due to credit reporting agencies and/or tenant screening

15  companies for the purpose of pressuring former tenants to pay amounts that are not legally owed.

16      13.8   Upon information and belief, Defendants WOODBROOK and NCS engage in the

17  aforementioned unfair and/or deceptive practice with Washington consumers on a regular basis

18  because it is profitable for them to do so, and because they know that consumers often lack the

19  time, resources, or understanding of the law and legal system, to dispute these unfair and/or

20  deceptive practices.

21      13.9   Defendants' pattern or practice has had, and continues to have a devastating effect

22  on the local community, contributing to the number of low-income individuals, like Plaintiff,

23  who are homeless, at risk of becoming homeless, living in transitional housing, and/or otherwise

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES
PAGE 25 OF 30**

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879 Fax: (253) 272-8226

EXHIBIT 1
Page 30 of 149

1   unstably housed.

2       13.10   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

3       13.11   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and

4   outrageous.

5       13.12   Defendants' actions illustrate the need for an injunction to protect Washington

6   consumers from similar harm.

7       13.13   Plaintiff, in bringing claims under the CPA, contends that the actions alleged

8   herein either fall outside the scope of the Washington Supreme Court's decision in *State v.*

9   *Schwab*, 103 Wn.2d 542, 693 P.2d 108 (1985), and/or that *Schwab* was incorrectly decided.

10      13.14   As a result, Defendants have violated the CPA, and are liable to Plaintiff for all

11  damages directly and proximately sustained by Plaintiff as a result of such violations, including –

12      a.     Actual and compensatory damages to be proven at trial;

13      b.     Pre- and post-judgment interest as allowed by law;

14      c.     Treble damages in an amount equal to three times the amount of actual damages

15  sustained, as authorized under RCW § 19.86.090;

16      d.     A civil penalty in the amount of $2,000 for each violation of the CPA pursuant to

17  RCW § 19.86.140;

18      e.     An order declaring that the lease provisions and practices detailed below are void

19  and unenforceable, that each of the Defendants be enjoined from –

20          (1)    Any further attempt to collect the subject debt(s) from Plaintiff;

21          (2)    Selling, transferring, or assigning the subject debt(s);

22          (3)    Reporting the subject debt to credit reporting agencies and/or tenant

23      screening companies, which include but may not be limited to Experian;

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES
PAGE 26 OF 30**

**Northwest Justice Project**
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT  1
Page 31 of 149

(4)     The use or enforcement of paragraph 3 of the Rental Agreements, and/or any other provisions to the extent such provisions attempt to impose liquidated damages, early termination fees, or penalties against Plaintiff or any other tenants that do not bear any reasonable relation to actual damages, and which violate the duty to mitigate damages under RCW § 59.18.310;

(5)     The use or enforcement of paragraph 3 of the Rental Agreements and/or any other provisions to the extent such provisions force Plaintiff or any other tenants to waive or forego any rights or remedies under the RLTA or confess judgment, in violation of RCW § 59.18.230;

(6)     The use or enforcement of paragraph 7 of the Rental Agreements, and/or any other provisions to the extent that such provisions force Plaintiff or any other tenants to waive or forego their right to a refund of the security deposit under RCW §§ 59.18.280, 59.18.260, and § 59.18.230; and

(7)     The practice of charging former tenants for damages without proper supporting documentation, i.e., written checklist or statement specifically describing the condition and cleanliness of or existing damages to the premises required under RCW § 59.18.260, invoices, statements, receipts, photographs, or other documents evidencing the alleged damages.

f.     Costs of action, together with reasonable attorney's fees pursuant to RCW § 19.86.090; and

g.     Such further relief as the court deems appropriate.

## XIV. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows –

Northwest Justice Project
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 32 of 149

14.1    An order under the UDJA declaring that Plaintiff does not owe the subject debt(s), that the subject debt(s) be deleted and permanently removed from Plaintiff's file, that the lease provisions and practices detailed in subsections d. through g. below are void and unenforceable, and that each of the Defendants be enjoined from –

a.    Any further attempt to collect the subject debt(s) from Plaintiff;

b.    Selling, transferring, or assigning the subject debt(s);

c.    Reporting the subject debt to credit reporting agencies and/or tenant screening companies, which include but may not be limited to Experian;

d.    The use or enforcement of paragraph 3 of the Rental Agreements, and/or any other provisions to the extent such provisions attempt to impose liquidated damages, early termination fees, or penalties against Plaintiff or any other tenants that do not bear any reasonable relation to actual damages, and which violate the duty to mitigate damages under RCW § 59.18.310;

e.    The use or enforcement of paragraph 3 of the Rental Agreements and/or any other provisions to the extent such provisions force Plaintiff or any other tenants to waive or forego any rights or remedies under the RLTA or confess judgment, in violation of RCW § 59.18.230;

f.    The use or enforcement of paragraph 7 of the Rental Agreements, and/or any other provisions to the extent that such provisions force Plaintiff or any other tenants to waive or forego their right to a refund of the security deposit under RCW §§ 59.18.280, 59.18.260, and § 59.18.230; and

g.    The practice of charging former tenants for damages without proper supporting documentation, i.e., written checklist or statement specifically describing the condition and cleanliness of or existing damages to the premises required under RCW § 59.18.260, invoices,

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
PAGE 28 OF 30

**Northwest Justice Project**
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 33 of 149

1   statements, receipts, photographs, or other documents evidencing the alleged damages.

2        14.2    For a declaration that Defendants have engaged in the conduct complained of

3   herein, and have violated the RLTA, CAA, CPA, FDCPA, and FCRA.

4        14.3    Actual damages, to be proven at trial, pursuant to the RLTA, CAA, CPA,

5   FDCPA, FCRA, and for breach of contract.

6        14.4    Statutory damages of $500, pursuant to RCW § 59.18.230(3).

7        14.5    Statutory damages of two times the amount of the security deposits, pursuant to

8   RCW § 59.18.280(b)(2).

9        14.6    Treble damages in an amount equal to three times the amount of actual damages

10  sustained, pursuant to RCW § 19.86.090.

11       14.7    A civil penalty in the amount of $2,000 for each violation of the CPA, pursuant to

12  RCW § 19.86.140.

13       14.8    Statutory damages of $1,000, pursuant to 15 USC § 1692k(a)(2)(A).

14       14.9    Punitive damages pursuant to 15 USC § 1681n(a)(2).

15       14.10  Compensatory, incidental and consequential damages in amounts to be proven at

16  trial.

17       14.11  Pre- and post-judgment interest as allowed by law.

18       14.12  Costs of action, together with reasonable attorney's fees;

19       14.13  For leave to confirm the pleadings to the proof at trial.

20       14.14  Such other relief as this Court deems just and equitable.

21

22

23

24

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**
PAGE 29 OF 30

**Northwest Justice Project**
715 Tacoma Avenue South
Tacoma, Washington 98402
Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT 1
Page 34 of 149

1    DATED this 16th day of March, 2020.

2                                              NORTHWEST JUSTICE PROJECT

3

4                                              Christopher Brunetti, WSBA #55120
                                               Alicia McCormick, WSBA #43117
5                                              715 Tacoma Avenue South
                                               Tacoma, Washington 98402
6                                              Tel: (253) 272-7879
                                               Fax: (253) 272-8226
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**COMPLAINT FOR DECLARATORY AND**                    **Northwest Justice Project**
**INJUNCTIVE RELIEF AND DAMAGES**                     715 Tacoma Avenue South
PAGE 30 OF 30                                         Tacoma, Washington 98402
                                                     Phone: (253) 272-7879  Fax: (253) 272-8226

EXHIBIT  1
Page 35 of 149