HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN M MCKINNEY, | CASE NO. C20-5368RBL |
| Plaintiff, | ORDER |
| v. | |
| WOODBROOK TNC LLC, and NATIONAL CREDIT SYSTEMS, INC., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff McKinney's Motion to Remand his state law claims against Defendant Woodbrook. [Dkt. # 11]. McKinney sued Woodbrook (under state law) for unlawfully terminating his lease, and Defendant National Credit Systems (mostly under federal law) for the way it handled and reported to credit agencies the debt Woodbrook claimed McKinney owed it. He sued in Pierce County Superior Court, and Defendants removed the case here.

McKinney now seeks remand of his state law claims against Woodbrook, arguing they do not arise from the same case or controversy as his federal claims against National Credit. He argues that the Court should decline to exercise supplemental jurisdiction over the state law

ORDER - 1

claims and remand that portion of the case to Pierce County, while retaining jurisdiction over his federal FDCPA and FCRA claims.

McKinney acknowledges that the Court has supplemental jurisdiction under 42 U.S.C. § 1367(a), but urges it to decline to exercise that jurisdiction over his state law claims in its discretion. Even the dismissal or deletion of the federal claims raises a question as to whether the Court *should* retain supplemental jurisdiction over a case properly removed here; it does not deprive this Court of subject matter jurisdiction:

> With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. *See* §§ 1367(a), (c). A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary. *See* § 1367 (c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction")[.]

*Carlsbad Technology, Inc. v HIF Bio, Inc.*, 556 U.S. 635, 638 (2009). Here, the federal claims remain, but McKinney argues that the two sets of claims involve different facts, different defendants, and different time frames.

But he chose to sue both defendants in one lawsuit, and his complaint describes the two sets of claims simultaneously. They are related. McKinney claims Woodbrook tortiously evicted him, over-charged him, and wrongfully assigned or reported the erroneous debt to National Credit. National Credit then erroneously reported the debt to Experian and perhaps other credit agencies. Indeed, McKinney's complaint alleges that the two defendants have a pattern or practice of such conduct:

ORDER - 2

> 4.35  Upon information and belief, Defendant NCS knows or should know that Defendant WOODBROOK charges former tenants charges, fees, and/or penalties that are not legally due, and collects and attempts to collects such charges, fees, and/or penalties.
>
> 4.36  Upon information and belief, Defendants WOODBROOK and NCS have a pattern or practice of reporting and/or threatening to report charges, fees, and/or penalties that are not legally due to credit reporting agencies and/or tenant screening companies for the purpose of pressuring former tenants to pay amounts that are not legally owed.

[Dkt. # 1-1 at 15]. McKinney asserts at least one of his state law claims (CPA) against both defendants, and he asserts at least two state law claims against only the "federal" defendant, National Credit. [Dkt. # 1-1].

Defendants oppose remanding a portion of the case to state court, arguing that the claims are intertwined and that the Court should avoid piecemeal litigation in the name of judicial economy. They also argue that splitting the claims would increase costs, create the potential for conflicting or duplicative scheduling, and the possibility of inconsistent verdicts. They argue persuasively that none of the § 1367(c) factors support splitting McKinney's claims. Those factors are:

(1) the claim raises a novel or complex issue of state law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or,

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). See *Mincy v. Staff Leasing,* L.P., 100 F. Supp. 2d 1050, 1054 (D. Ariz. 2000) ("where, as here, all claims arise from the same set of facts ... the state claims do not

1 predominate the federal claim"); *Kabealo v. Davis,* 829 F. Supp. 923, 927-28 (S.D. Ohio 1993)

2 (where state-law claims and federal cause of action were "based upon the same series of events

3 or circumstances" state claims did not "predominate"; motion to remand denied), *aff'd,* 72 F.2d

4 129 (6th Cir. 1995).

5     For these reasons, and for others articulated in the defendants' responses, McKinney's

6 Motion to Remand a portion of the case under § 1367(c) is DENIED.

7     IT IS SO ORDERED.

8 Dated this 28th day of July, 2020.

_____

Ronald B. Leighton
United States District Judge